**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 2:21-cv-04175-KES                                    Date: November 5, 2025

Title: BOARD OF TRUSTEES OF THE CONSTRUCTION LABORERS PENSION TRUST
FOR SOUTHERN CALIFORNIA v. MCEC, INC

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**        **Order GRANTING Plaintiff's Motion for Attorney's Fees (Dkt. 55)**

After granting Plaintiff's motion for summary judgment (Dkt. 50), the Court entered judgment for Plaintiff on August 27, 2025 (Dkt. 53, 54).[1]  Plaintiff now moves for an award of $146,964.43 in prevailing-party attorney's fees and costs under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(2)(D).  (Dkt. 55.)  Defendant filed an opposition to the motion (Dkt. 58), and Plaintiff filed a reply (Dkt. 59).

**I.      LEGAL STANDARD**

"ERISA provides for the mandatory award of attorney's fees to pension plans in successful actions to collect delinquent contributions owed under 29 U.S.C. § 1145." Trs. of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co., 460 F.3d 1253, 1256 (9th Cir. 2006).  The relevant statutory provision states:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is

---

[1] This Court retains jurisdiction to rule on Plaintiff's request for attorney's fees and costs, even though Defendant has filed a notice of appeal (Dkt. 57).  League of Women Voters of Cal. v. F.C.C., 751 F.2d 986, 990 (9th Cir. 1985) ("Although a notice of appeal has been filed, a district court in this circuit retains jurisdiction to rule upon a request for attorney fees.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-04175-KES                                         Date: November 5, 2025
                                                                                          Page 2

> awarded, the court shall award the plan … reasonable attorney's fees and costs of the action, to be paid by the defendant….

29 U.S.C. § 1132(g)(2)(D).  An award of attorney's fees under "[s]ection 1132(g)(2) is 'mandatory and not discretionary.'" Nw. Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996) (citation omitted).

Although this provision refers to actions brought under § 1145, which deals with contribution obligations, ERISA treats actions under §§ 1381 and 1451, which deal with withdrawal liability obligations, the same.  See 29 U.S.C. § 1451(b) ("In any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of this title).").  Attorney's fees and costs may therefore be recovered in "actions to collect unpaid employer withdrawal liabilities." Lads Trucking Co. v. Bd. of Trs. of W. Conf. of Teamsters Pension Tr. Fund, 777 F.2d 1371, 1374 (9th Cir. 1985) (citing § 1451(b)).

The Ninth Circuit "has adopted the hybrid lodestar/multiplier approach used by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983), as the proper method for determining the amount of attorney's fees in ERISA actions." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (parallel citations omitted).  "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley, 461 U.S. at 434). "Second, a court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." Id.

"In establishing the reasonable hourly rate, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained." Caplan v. CNA Fin. Corp., 573 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008).  The plan may recover "for work performed by non-attorneys such as law clerks and paralegals." Trs. of Const. Indus., 460 F.3d at 1256.

## II.    PROCEDURAL HISTORY

Plaintiff filed the initial Complaint on May 19, 2021.  (Dkt. 1.)  Before Defendant responded, Plaintiff filed a First Amended Complaint ("FAC").  (Dkt. 8.)  Defendant then appeared and moved to dismiss the FAC as untimely.  (Dkt. 14.)  On March 1, 2024, the Court[2] granted the motion to dismiss with leave to amend.  (Dkt. 24.)

Plaintiff filed the operative Second Amended Complaint ("SAC") on March 30, 2024.

---

[2] This order was entered by District Judge Aenlle-Rocha.  The parties later consented to the jurisdiction of the Magistrate Judge.  (Dkt. 37.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-04175-KES                                   Date: November 5, 2025
                                                             Page 3

(Dkt. 25.)  Defendant moved to dismiss the SAC, again arguing it was untimely.  (Dkt. 26.)  On November 5, 2024, the Court denied the motion, finding the SAC alleged enough facts to plausibly suggest timeliness under 29 U.S.C. § 1451(f).  (Dkt. 38.)

On April 21, 2025, Plaintiff moved for summary judgment.  (Dkt. 46.)  After receiving full briefing from the parties (Dkt. 48, 49), the Court granted Plaintiff's motion on August 7, 2025 (Dkt. 50).  Plaintiff lodged a proposed judgment at the Court's request (Dkt. 51), and Defendant filed objections to the judgment (Dkt. 52).  The Court overruled Defendant's objections (Dkt. 53) and entered judgment on August 28, 2025 (Dkt. 54).

Defendant filed the present motion for attorney's fees on September 10, 2025.  (Dkt. 55.)  The motion is supported by a declaration from Plaintiff's counsel – Kevin M. Hannifan, an associate at the law firm of Cox, Castle & Nicholson, LLP – which authenticates attached time records.  (Dkt. 55-1.)  The records reflect time expended by Mr. Hannifan, partner Dwayne P. McKenzie, and associate Amber S. Miller, as well as Kathleen R. Heinsberg and Lindsay Forbes.

## III.    ANALYSIS

Defendant does not contest that Plaintiff is entitled to attorney's fees and costs under § 1132(g)(2).  Defendant contests only the amount of the fees, raising two arguments.  (Dkt. 58.)

First, Defendant argues that Plaintiff improperly "seeks to recover its attorney's fees for twice-amending [sic] its complaint," asking the Court to "strike $68,008.88 (from initial date on bill through May 10, 2024 when the Opposition to second Motion to Dismiss was finalized) from the fee bill…."  (Id. at 1-2.)  Defendant argues Plaintiff's counsel "should be drafting notice pleadings that are unobjectionable," and Defendant "should not have to pay for [P]laintiff to get its pleading correct[.]"  (Id.)

Defendant cites no legal authority in support of this argument.  Defendant appears to be relying on the line of cases holding that a court may consider the "results achieved" by the prevailing party in considering whether to adjust the award downward.  However, a "prevailing party may recover fees for aspects of the litigation for which it was unsuccessful."  L.H. v. Schwarzenegger, 645 F. Supp. 2d 888, 897 (E.D. Cal. 2009).  Moreover, after amending the complaint, Plaintiff ultimately prevailed on all of its ERISA claims at the summary judgment stage.  The motion practice regarding when the relevant statute of limitations began to run does not justify a downward departure.[3]

Second, Defendant argues that the "amount of billing for some work is unreasonable" because "reviewing an email is universally billed at .25 hours, and amounts [to] almost $200, and it is presumed that 2 attorneys at least are reviewing the same email, and both of them billing for

---

[3] The Court notes that, at the summary judgment stage, it also rejected Defendants' argument that this action was untimely.  (Dkt. 50 at 16-18.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-04175-KES                                    Date: November 5, 2025
                                                                         Page 4

that time." (Dkt. 58 at 2.)  Defendant does not identify any specific billing entries where Plaintiff's counsel billed for two attorneys reviewing the same email, and the Court has not found any.  For example, on April 29, 2021 and June 10, 2021, Mr. McKenzie billed 0.25 hours for corresponding with Defendant's counsel, but no other attorney billed for reviewing correspondence.  On occasions when two attorneys were engaged in the same task, Plaintiff appears not to have billed for the second attorney's time.  (See, e.g., Dkt. 55-1 at 9 (entries dated March 20, 2024 where Mr. Hannifan and Mr. McKenzie conferred re amending the complaint, Mr. Hannifan's time billed is listed as 0).)

## IV.     CONCLUSION

        For the reasons explained above, Plaintiff has shown that it is entitled to the attorney's fees requested.  IT IS THEREFORE ORDERED that the motion (Dkt. 55) is **granted**.  Plaintiff is awarded its reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) in the following amounts: $146,164.53 in attorney's fees and $799.90 in recoverable costs, for a total of $146,964.43.

                                                        Initials of Deputy Clerk jd